**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF SOUTH CAROLINA**

| | |
|---|---|
| In re,<br><br>Williams Produce, LLC,<br><br>                              Debtor(s).<br><br>Sandoval Wholesales, Inc.,<br><br>                              Plaintiff(s),<br><br>v.<br><br>Williams Trucking, Inc. dba Williams Produce<br>Betty Ann Williams<br>Ronnie Lee Williams<br>Rodney Bryan Williams<br>Pamela Boulware,<br><br>                              Defendant(s). | C/A No. 25-03517-EG<br><br>Adv. Pro. No. 25-80060-EG<br><br>Chapter 7<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING AWARD OF COSTS AND FEES PURSUANT TO 28 U.S.C. § 1447(c)** |

Williams Produce, LLC (the "Debtor") filed a Notice of Removal on October 17, 2025, removing the case of *Sandoval Wholesales, Inc. v. Williams Trucking, Inc. et al*, Case Number 6:25-cv-00071-RSB-BKE, which was pending in the United States District Court for the Southern District of Georgia, Statesboro Division (the "Georgia District Court"), to the United States Bankruptcy Court for the District of South Carolina.[1] The Plaintiff, Sandoval Wholesales, Inc. ("Sandoval" or "Plaintiff"), filed a motion seeking remand of this action to the Georgia District Court on the grounds that the removal to this Court was procedurally improper (the "Motion to Remand") and further seeking the award of fees and costs incurred as a result of the removal.[2] The Court held a hearing on the Motion to Remand, which was attended by counsel for Debtor, Williams Trucking, Inc., Betty Ann Williams and Pamela Boulware (the "Removing Defendants"),

---

[1] ECF No. 1.
[2] ECF No. 14, filed Nov. 24, 2025.

1

and Sandoval's counsel.³  The Chapter 7 Trustee, Janet B. Haigler, was also present but did not take a position on the Motion to Remand.  For the reasons set forth below, the Court grants the Motion to Remand.

## FINDINGS OF FACT

Debtor filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code on September 8, 2025, commencing C/A No. 25-03517 (the "Bankruptcy Case").  The deadline for creditors to file proofs of claim is January 2, 2026.  To date, Sandoval has not filed a proof of claim in the Bankruptcy Case.

Sandoval filed a complaint in the Georgia District Court against Williams Trucking, Inc. d/b/a Williams Produce, Betty Ann Williams, Ronnie Lee Williams, Rodney Bryan Williams, and Pamela Boulware (collectively, "Defendants") on September 10, 2025 (the "Complaint"). Williams Produce, LLC—Debtor in the underlying bankruptcy case before this Court—was not expressly named as a defendant.  The Complaint alleges causes of action against Williams Trucking, Inc. d/b/a Williams Produce for violations of the Perishable Agricultural Commodities Act (7 U.S.C. § 499e(c) and 499g) ("PACA") and breach of contract, as well as causes of action against some or all the remaining Defendants for breach of fiduciary duty, conversion and unlawful retention of PACA trust assets, constructive trust, and declaratory judgment.

Debtor and other Removing Defendants subsequently filed the Notice of Removal, purportedly removing the matter from the Georgia District Court to this Court.  The Removing Defendants filed a Notice of Filing Notice of Removal with the Georgia District Court on October

---

³ While the Notice of Removal indicates that Debtor's counsel, Richard Gleissner, represents Debtor, Betty Ann Williams and Pamela Boulware, the Memorandum on the Motion to Remand reflects that Debtor's counsel also represents Williams Trucking, Inc. (ECF No. 17).  During the hearing on the Motion for Remand, Mr. Gleissner affirmed that he represented all the Removing Defendants.

2

21, 2025, and served a copy of the notice on Sandoval's counsel.[4] This Court set a status hearing for November 6, 2025, at which time the Court raised concerns regarding whether the removal was procedurally proper under 28 U.S.C. § 1452. In response, counsel requested an opportunity to consider and brief the issue. Accordingly, the Court entered an order continuing the status hearing to December 4, 2025, and setting a deadline for the parties to file further briefing on the matter.[5] Debtor filed a memorandum on November 21, 2025,[6] and then filed an additional memorandum together with Defendants Williams Trucking, Inc., Betty Ann Williams, and Pam Boulware on December 2, 2025.[7] Sandoval's memorandum was incorporated within its Motion to Remand.[8]

## DISCUSSION

Sandoval asserts that the adversary proceeding should be remanded to the Georgia District Court for the following reasons: (1) the removal is void ab initio because Debtor is not a party to the litigation that Sandoval commenced in the Georgia District Court and thus lacks standing to remove the case to this Court; (2) the removal was improperly filed in the bankruptcy court for the District of South Carolina—an Article I court in a different district; and (3) this Court lacks jurisdiction over Sandoval's PACA and common-law claims against non-debtors because they are non-core proceedings and are not "related to" the bankruptcy estate. Lastly, because Sandoval asserts that Debtor's attempted removal lacks a legal basis; it posits it is entitled to an award of fees and costs pursuant to 28 U.S.C. § 1447(c). After a review of the record before the Court as

---

[4] It does not appear that Defendants Ronnie Lee Williams or Rodney Bryan Williams were served with a copy of the Notice of Filing Notice of Removal as required pursuant to Federal Rule of Bankruptcy Procedure 9027(b)(1).
[5] ECF No. 11.
[6] ECF No. 13.
[7] ECF No. 17.
[8] At hearing on December 4, 2025, Sandoval presented four exhibits into evidence: (1) the Complaint filed in the Georgia District Court action; (2) South Carolina Secretary of State Business Entities Online printout regarding Williams Trucking Inc.; (3) South Carolina Secretary of State Business Entities Online printout regarding Williams Produce, LLC; and (4) Business License information for Williams Trucking Inc.

3

well as the arguments of counsel and the evidence presented at the hearing, the Court remands the adversary proceeding to the Georgia District Court and denies the award to Sandoval of fees and expenses for the reasons set forth below.

### I.    *Removal of This Action is Not Void Ab Initio for Lack of Standing*

Removal of claims or causes of actions related to bankruptcy cases is governed by 28 U.S.C. § 1452, which provides:

> (a) A party may remove any claim or cause of action in a civil action other than a proceeding before the United States Tax Court or a civil action by a governmental unit to enforce such governmental unit's police or regulatory power, to the district court for the district where such civil action is pending, if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.
>
> (b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals under section 158(d), 1291, or 1292 of this title or by the Supreme Court of the United States under section 1254 of this title.

Sandoval argues that Debtor is not a party to the Georgia District Court action; therefore, it lacks standing to remove the action. In support of this argument, Sandoval cites *Contegra Constr. Co., LLC v. Sutphen (In re Advance Iron Works, Inc.)*, 495 B.R. 404, 409 n. 12 (Bankr. S.D. Ill. 2013), where the bankruptcy court held that a debtor, who was not named in the complaint or served, was not a party to the action and therefore could not avail itself of the removal procedures. In so holding, the bankruptcy court observed that removal "is a purely statutory right" and removal statutes must be construed narrowly. *Id.* at 409 (quoting *Linnemann v. Post (In re Misson Bay Ski & Bike, Inc.)*, No. 07 A 1045, 2007 WL 4390331 (Bankr. N.D. Ill. Dec. 14, 2007)). The removal statute provides that "[a] party may remove any claim or cause of action in a civil action." 28 U.S.C. 1452(a) (emphasis added). While the Court recognizes that Debtor was not

4

clearly named as a party in the Georgia District Court action, the Notice of Removal indicates that Debtor's counsel also represents other named Removing Defendants. Accordingly, even if Debtor was not an expressly named party in the action, the removal was sought by other expressly named defendants.

> II. *Removal from Georgia District Court to Bankruptcy Court for District of South Carolina Was Procedurally Improper*

Sandoval further argues that the removal of this action is "void" because 28 U.S.C. § 1452(a) allows removal only to "the district court for the district where such civil action is pending." Sandoval cites authority from within the Fourth Circuit where the District Court for the Eastern District of Virginia considered whether a notice of removal that a defendant filed with that court properly removed an action to the Bankruptcy Court for the District of Maryland pursuant to 28 U.S.C. § 1452. *LMRT Assocs., LC v. MB Airmont Farms, LLC*, 447 B.R. 470 (E.D. Va. 2011). The district court in that case observed that "[a] removal operates only within a federal district to move a matter either from a state court to federal court in the federal district where the state court is located, or from a bankruptcy court to the district court of which the bankruptcy court is a part." *Id.* at 472. The district court concluded that using § 1452 to transfer the case to another district was improper and the "wrong device for the task." *Id.* The court noted that 28 U.S.C. § 1452 explicitly states that cases may be removed to "the district where *such civil action is pending*"; therefore, "matters may only be removed under § 1452 to the district court in the *same* district in which the removed claim or cause of action was filed". *Id.* at 473 (citing 28 U.S.C. § 1452 (emphasis added)). The court further emphasized the wording of the statute and the use of the word "removal" rather than "transfer":

> In sum, it is quite clear that Congress uses the terms "removal" and "transfer" to connote markedly different processes. A "removal" operates only within a federal district to move a matter either from a state court to the federal court in the federal

5

> district where the state court is located, or from a bankruptcy court to the district court of which the bankruptcy court is a part. Plainly, [the defendant] did not want a removal. A "transfer," which is what [the defendant] hoped to accomplish here, must meet certain criteria and cannot occur without the transferor district court's review and approval. It follows that [the defendant]'s attempt to invoke § 1452 to transfer the case to the District of Maryland fails; like using the shovel to move ten tons of coal ten miles, it is the wrong device for the task. Instead, [the defendant] should research whether there is a good faith basis to seek a § 1404(a) transfer and, if so, seek such a transfer pursuant to that statute.

*Id.* at 472. Despite its conclusion that the removal was "flatly impermissible," as a matter of comity, the district court determined that it was preferable to allow the bankruptcy court to review the matter and determine whether remand was appropriate. *Id.* at 473.

In Curtis *v. Shpak (In re Curtis),* the Bankruptcy Appellate Panel for the Ninth Circuit was faced with similar facts to the ones currently facing this Court. 571 B.R. 441, 447 (B.A.P. 9th Cir. 2017). The debtors in that case were defendants in a lawsuit for fraud, civil rights violations, and other common law claims pending in the United States District Court for the Eastern District of New York. *Id.* at 443. After filing for Chapter 11 bankruptcy relief in the United States Bankruptcy Court for the Central District of California, the debtors filed a notice seeking to remove the lawsuit from the District Court in the Eastern District of New York directly to the Bankruptcy Court in California, and the plaintiffs filed a motion to strike the notice of removal. *Id.* The bankruptcy court granted the motion to strike, concluding that a district court lawsuit cannot be removed to another district court or to a bankruptcy court. *Id.* at 444. The decision was appealed to the Ninth Circuit BAP which concluded that 28 U.S.C. § 1452 does not permit removal from a district court directly to the bankruptcy court for two main reasons: (1) the plain language of the statute does not reasonably support removal to a bankruptcy court and (2) an interpretation permitting removal of an action pending in the district court to a bankruptcy court would "interfere with the district court's power to control the referral of matters to the bankruptcy court" and "permit the bankruptcy

court unreviewable discretion under § 1452(b) to remand a claim or cause of action to the district court." *Id.* at 445-46.  The Panel stated that the proper procedure for transferring a case from a federal district court to a bankruptcy court in another district is to request a change of venue to the district court in the other district and then request a referral to the bankruptcy court. *Id.* at 449.

Other courts considering this issue have similarly concluded that a case cannot be removed from a federal district court to a bankruptcy court in another district. *See, e.g., Wellness Int'l Network v. J.P. Morgan Chase Bank, N.A., (In re Sharif)*, 407 B.R. 316 (Bankr. N.D. Ill. 2009); *In re Shelbyville Mixing Ctr. Inc.*, 288 B.R. 765 (Bankr. E.D. Ky. 2002); *In re Gross Metal Prods.*, No. 97-30376, 1997 WL 778756 (Bankr. E.D. Pa. Dec. 16, 1997).  The Removing Defendants have not presented any case authority to the contrary, and this Court agrees with the interpretation of 28 U.S.C. §1452 by these courts.  *See also LMRT*, 447 B.R. at 474 (explaining that the removing defendant "should have moved to transfer the matter pursuant to 28 U.S.C. § 1404," and the defendant's "attempt to transfer the case unilaterally by styling the transfer as a 'removal' is a circumvention of the statutory limits on judicial transfer given in § 1404").  The Court finds that the Removing Defendants' attempted removal of this action to this Court was procedurally improper; therefore, remand is appropriate pursuant to 28 U.S.C. §1452(b).

### III.    *This Court's Subject Matter Jurisdiction of the Georgia District Court Action*

Sandoval further takes the position that this Court lacks jurisdiction over its PACA and common-law claims against non-debtors because they are non-core proceedings and are not "related to" the bankruptcy estate.  The Court has determined that remand is appropriate due to procedural errors as discussed above—not the lack of subject matter jurisdiction that the parties did not have an opportunity to fully brief.  With that said, the Court notes that whether the Court

has subject matter jurisdiction is not a straightforward issue and one that would require additional analysis.

A bankruptcy court's subject matter jurisdiction is set forth in 28 U.S.C. § 1334(b). It provides that "the district courts shall have original but not exclusive jurisdiction of all civil proceedings arising under title 11 or arising in or related to cases under title 11." 28 U.S.C. § 1334(b). Matters that arise under or arise in a bankruptcy case are termed "core proceedings" and are enumerated by statute in 28 U.S.C. § 157(b)(2). Bankruptcy judges are authorized to hear and determine all cases under title 11 and all core proceedings arising under title 11 or arising in a case under title 11 pursuant to 28 U.S.C. § 157(b)(1). Section 157(c)(1) authorizes bankruptcy judges to hear non-core proceedings that are related to a case under title 11, but in such proceedings the bankruptcy judge submits proposed findings of fact and conclusions of law to the district court. 28 U.S.C. § 157(c)(1).

> As recently explained by the Bankruptcy Court for the Eastern District of North Carolina:
>
> Bankruptcy courts have jurisdiction over three types of civil proceedings: those that (1) arise under title 11, (2) arise in a title 11 case, or (3) are related to a title 11 case. *See* 28 U.S.C. § 1334(b). A proceeding arises under title 11 if it invokes a substantive right created by the Bankruptcy Code. *In re Newell*, 424 B.R. 730, 733 (Bankr. E.D.N.C. 2010) (citation omitted). A proceeding arises in a case under title 11 when it would have no practical existence but for the bankruptcy case. *Id.* at 734. . . . A proceeding is "related to" a case under title 11 if its outcome "could conceivably have any effect on the estate being administered in bankruptcy." *Owens-Ill., Inc. v. Rapid Am. Corp. (In re Celotex Corp.)*, 124 F.3d 619, 425 (4th Cir. 1997).

*Travis v. Adair Realty Group, LLC, (In re Adair Realty Group, LLC),* No. 25-00597-5-PWM, Adv. Pro. No. 25-00040-5-PWM, 2025 WL 2856853, at *4-5 (Bankr. E.D.N.C. Oct. 8, 2025). "Related to" proceedings include "(1) causes of action owned by the debtor which become property of the estate pursuant to 11 U.S.C. § 541, and (2) suits between third parties which have an effect on the

bankruptcy estate."[9]  *Celotex Corp. v. Edwards*, 514 U.S. 300, 308 n.5 (1995).  The Fourth Circuit has adopted the following test to determine whether a bankruptcy court has "related to" jurisdiction over a matter—jurisdiction may be invoked "if the outcome of the proceeding could alter the debtor's rights, liabilities, options, or freedom of action (either positively or negatively) and . . . in any way impacts upon the handling and administration of the bankrupt estate." *In re Bestwall LLC*, 71 F.4th 168 (4th Cir. 2023); *New Horizon of NY LLC v. Jacobs*, 231 F.3d 143, (4th Cir. 2000) (internal quotations omitted).

Sandoval argues that its PACA claims arise under federal agricultural law—not the Bankruptcy Code—and the remaining claims for breach of contract, conversion, and breach of fiduciary duty arise under state law, and therefore these claims are not core proceedings.  Sandoval further argues that the claims are not "related to" the bankruptcy case because (1) they are asserted solely against non-debtor individuals and entities; (2) they seek recovery from non-debtor assets, not estate property; (3) the claims involve PACA trust assets, which are not property of the estate; (4) judgments against the individual defendants would not increase or reduce the Debtor's assets; (5) the litigation will not alter Debtor's obligations or rights in the bankruptcy case; and (6) there is no indemnification, contribution, or other derivative liability flowing back to Debtor that would affect the bankruptcy estate.

---

[9] Some courts have held that "related to" jurisdiction exists even for litigation between non-debtor parties, where it could have a conceivable effect on the bankruptcy estate.  *See, e.g., Omega Tool Corp. v. Aliz Partners, LLP*, 416 B.R. 315, 320 (E.D. Mich. 2009) (finding that a manufacturer's action against financial advisors to Chapter 11 debtor-supplier and debtor's controlling stakeholder alleging tortious interference with contract and related claims was "related to" debtor's bankruptcy proceeding because action could have effect on manufacturer's claims against bankruptcy estate, recovery by the manufacturer might lead to new claims against the estate and the bankruptcy court had jurisdiction over the supplier's books and records); *Val Verde Vegetable Co. v. Santa Fe Produce*, No. 98-0680, 1999 WL 35809374, at *1 (D. N.M. Aug. 19, 1999) (concluding that the bankruptcy court has related-to jurisdiction over claims against the debtor's officer because the bankruptcy estate may be called to satisfy liability for officer's actions that were within the scope of employment).

In the Notice of Removal, the Removing Defendants claim that the bankruptcy court has "related to" jurisdiction over this matter. Among other issues, there are two particular hurdles that the Removing Defendants would need to surpass: First, it is not clear whether Sandoval is even asserting a claim against Debtor's estate; second, the resolution of Sandoval's claims against Defendants would have to have some impact on Debtor's estate and the dividend paid to other creditors. *See Travis*, 2025 WL 2856853, at *4-5. To date, Sandoval has not filed a proof of claim in Debtor's case and has asserted at the hearing that it does not intend to file a claim in Debtor's bankruptcy, which may call into question this Court's subject matter jurisdiction over the action filed in the Georgia District Court.

If Sandoval were to assert a claim against Debtor, then joint and several liability could be imposed against Debtor and its officers and directors—Betty Ann Williams and Pamela Boulware—and recovery from Betty Ann Williams and Pamela Boulware on those PACA claims could conceivably impact the recovery of PACA claims against Debtor, as Sandoval's PACA claim would be reduced by any such recovery. *See In re Watford*, 374 B.R. 184 (Bankr. M.D.N.C. 2007) ("The law is well settled that a corporate officer or controlling person can, in certain circumstances, be held liable for the corporation's PACA violations.") (quoting *General Produce, Inc. v. Tucker (In re Tucker)*, No.06-50092, Adv. No. 06-5107, 2007 WL 1100482, at (Bankr. M.D. Ga. Apr. 10, 2007) (citing *Weis-Buy Servs., Inc. v. Paglia,* 411 F.3d 415, 421 (3d Cir. 2005))); *see also In re Masdea*, 307 B.R. 466, 474 (W.D. Penn. 2004) ("An individual who is in a position to control assets of a PACA trust but does not preserve them for the benefit of unpaid suppliers or sellers has breached a fiduciary duty."). If the officers are found liable to Sandoval, Debtor may also be held responsible for those actions, if they were within the scope of their employment. *See Val Verde Vegetable Co.*, 1999 WL 35809374, at *1. In turn, Debtor's

bankruptcy estate may be called upon to satisfy a judgment in favor of Sandoval and therefore the outcome could conceivably affect the bankruptcy estate. *Id.* Although PACA trust assets are excluded from the bankruptcy estate,[10] a determination of the total amount of PACA claims and which assets of the estate may be subject to a PACA trust claim may be critical to the Chapter 7 Trustee's development of an asset liquidation strategy and segregation of funds recovered for PACA claimants versus non-PACA claimants. *See Val Verde Vegetable Co.*, 1999 WL 35809374, at *1 (concluding that the bankruptcy court has jurisdiction to determine whether assets are property of a bankruptcy estate or not). Nevertheless, it is unnecessary for this Court to determine this issue at this time, as the Court has concluded that the removal of this action to this Court was procedurally improper, and the matter should be remanded to the Georgia District Court.

### IV. *Attorney's Fees Under 28 U.S.C. § 1447 Are Not Awarded*

Sandoval further asserts that it is entitled to an award of attorney's fees under 28 U.S.C. § 1447(c), which provides that:

> A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal. . . .

28 U.S.C. § 1447(c). While at the hearing Sandoval appeared to no longer be pursuing this request, in its pleadings it argued that Debtor's procedurally and legally flawed removal was objectively unreasonable because it was filed by a non-party, in the wrong district, in the wrong court, contrary to express statutory language, contrary to controlling authority and lacking any jurisdictional basis.

---

[10] *See Nickey Gregory Co. LLC v. Agricapp, LLC*, 597 F.3d 591 (4th Cir. 2010) (noting that in the event of bankruptcy, PACA trust assets do not even become a part of the bankruptcy estate) (citing *Boulder Fruit Express & Heger Organic Farm Sales v. Transp. Factoring Inc.,* 251 F.3d 1268, 1271 (9th Cir.2001); *In re Kornblum & Co., Inc.,* 81 F.3d 280 (2nd Cir. 1996) (stating that the Bankruptcy Code excludes PACA trust assets from the bankruptcy estate);

In *Common Cause v. Lewis*, the Fourth Circuit stated that "'[a]bsent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." 956 F.3d 246, 256 (4th Cir. 2020) (quoting *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005)). An award of attorney's fees under 28 U.S.C. § 1447 is within the discretion of the court addressing the issue. *See Common Cause*, 956 F.3d at 257. The Supreme Court has rejected the argument that attorney's fees should be awarded automatically on remand as well as the argument that there should at least be a strong presumption in favor of awarding fees. *Martin*, 546 U.S. at 136. In *McGrath Rent Corp v. TCI Triangle, Inc. et al. (In re Providence Wireless, LLC)*, the bankruptcy court remanded a lawsuit to the state court, concluding that the debtor's attempted removal of the state court lawsuit was procedurally improper because the debtor was not a party to the action. 587 B.R. 858, 864 (Bankr. E.D.N.C. 2018). The bankruptcy court, however, declined to exercise its discretion to award attorney fees under 28 U.S.C. § 1447(c), finding that while the debtor's actions were not legally correct, the debtor had acted pursuant to an "objectively reasonable basis" in seeking removal to this court, noting that the facts were complicated, and the parties were confusing. *Id.* at 865. Similarly, the action before this Court presents complicated facts and confusion caused by multiple business entities apparently being operated by the same individuals in two states, resulting in litigation being filed in one district and a bankruptcy filing in another. At the hearing, Sandoval did not present any evidence in support of the fees and expenses that it had incurred related with the removal of the litigation to this Court and the Motion to Remand nor did it present any persuasive arguments as to how the Removing Defendants lacked an objectively reasonable basis to bring the litigation before this Court. Accordingly, the Sandoval's request for attorney's fees and expenses is denied.

**CONCLUSION**

For the foregoing reasons, it is hereby

**ORDERED** that the Motion to Remand is **GRANTED** and this matter is hereby **REMANDED** to the United States District Court for the Southern District of Georgia; and

**IT IS FURTHER ORDERED** that Sandoval's request for attorney's fees under 28 U.S.C. § 1447(c) is **DENIED**.

**AND IT IS SO ORDERED.**

**FILED BY THE COURT**
**12/16/2025**

Elisabetta G. M. Gasparini
US Bankruptcy Judge
District of South Carolina

Entered: 12/16/2025